That may be a question to be considered ·by the creditors and the court hereafter.

Let the adjudication be made.

---

## Case No. 8,056.

### In re LANG.

[2 N. B. R. 480 (Quarto, 151).] [1]

District Court, D. Massachusetts. 1869.

BANKRUPTCY — APPLICATION FOR DISCHARGE — WITHIN WHAT TIME TO BE MADE—LAST DAY THANKSGIVING DAY.

A was adjudged a bankrupt November 26, 1867, and filed his application for a discharge November 27, 1868. *Held*, that the case was within the equity and fair construction of section forty-eight of the bankrupt act of 1867 [14 Stat. 540], which provides that when any particular number of days is prescribed, and the last day falls on a Sunday, Christmas Day, or any day appointed by the president of the United States as a day of public thanksgiving, the last day shall be excluded from the computation. Usual order of notice to creditors allowed to be issued.

[Cited in Cooley v. Cook, 125 Mass. 409.]

The adjudication of bankruptcy in the case of J. H. B. Lang was made November 26, 1867. The bankrupt filed in court his application for a discharge November 27, 1868, and the question was raised ex parte whether his application was within one year from the adjudication, as required by section twenty-nine of the bankrupt act.

S. Edwin Ireson, for bankrupt.

LOWELL, District Judge, held that the case was within the equity and fair construction of section forty-eight, which provides that when any particular number of days is prescribed by the statute for doing any act, or for any other purpose, and the last day falls on a Sunday, Christmas Day, or any day appointed by the president of the United States as a day of public thanksgiving, &c., the last day shall be excluded from the computation.

The order of notice was accordingly allowed to be issued.

---

## Case No. 8,057.

### LANG v. HOLBROOK.

[Crabbe, 179.] [2]

District Court, E. D. Pennsylvania. Jan. 1, 1838.

DECISION OF FOREIGN COURT—SEAMAN'S WAGES— FORFEITURE — WAIVER OF FORFEITURE — DISCHARGE — MISCONDUCT — ABSENCE WITHOUT LEAVE.

1. Where a foreign court, not of admiralty, has decided a case on different principles from those here recognised, and leading to a different result from what would be here arrived at, though professedly deciding according to our law, this court is not concluded by such decision.

2. Any right may be waived; and, where that right is a severe penal forfeiture, a waiver will be considered with favor to the offender.

3. A seaman is entitled to wages up to the actual sale of the vessel, and they do not ·cease at the time of the date of the advertisement of the sale.

4. Where the credits in a seaman's account, as stated by the captain in his answer, are not objected to; there is no evidence to contradict the statement; and the amount credited differs but slightly from that claimed in the libel; the court will take the captain's credit as the proper one.

5. Where a seaman has misconducted himself and is discharged, but has been afterwards received again on board, his services accepted, and his wages allowed in his account, such misconduct cannot be alleged as a ground of forfeiture against him, though the shipping ·articles contain a clause that the reinstating of an offending seaman shall not be a waiver of the forfeiture.

6. But, in such a case, the seaman is chargeable on account of his absence without leave, as a deduction, especially when he has been serving, during such absence, on board another vessel; as also with losses or expenses which were the result of his misconduct.

This was a suit for wages. It appeared that the libellant [Richard Lang] shipped, as first mate, on board the ship John, of which the respondent [Benjamin Holbrook] was master, on the 12th August, 1836, at Philadelphia, for a voyage to St. Thomas and elsewhere; that in the shipping articles there was the following clause:—"Provided, that if any of the crew disobey the orders of the master, or other officer of the vessel, or absent himself at any time without liberty, his wages due at the time of such disobedience or absence shall be forfeited, and in case such person so forfeiting his wages shall be reinstated or permitted to do further duty, it shall not do away such forfeiture;" that the ship was detained for twenty-four hours on account of the absence of the libellant at the appointed time of sailing; that when he did come on board he was intoxicated; that he was repeatedly intoxicated, disobedient, and disorderly during the voyage; that he secreted the log-book during several weeks, during which time he made no entries in it, as it was his business to do, so that the only record of the proceedings, &c., of the ship during that time was a private journal kept by the captain; that at Port au Platt the libellant left the ship, without leave, for fifteen days, and during a part of that time was at work on board of another vessel; that he was again received on board of the ship; that at St. Thomas the captain applied to the authorities of the port, who confined the libellant for some days; that the libellant then commenced suit for his wages before a tribunal of the same place; that that tribunal decided the libellant to be indebted to the respondent in the sum of eighty-six dollars and sixty-four cents and costs; that the libellant never rejoined his ship, but was left at St. Thomas and sent home, a passenger, by the American consul there; and that this suit was

1 [Reprinted by permission.]
2 [Reported by William H. Crabbe, Esq.]